UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HOWARD SANDERS | CIVIL ACTION |
| VERSUS | NO. 05-2824 |
| DIAMOND OFFSHORE DRILLING, INC. AND DIAMOND OFFSHORE MANAGEMENT COMPANY | SECTION "C" |

ORDER AND REASONS[1]

This matter comes before the Court on motion for summary judgment filed by Diamond Offshore Drilling, Inc. and Diamond Offshore Management Company (collectively "Diamond"). Having considered the record, the memoranda of counsel and the law, the Court finds that summary judgment is denied on Plaintiff's Jones Act negligence and general maritime unseaworthiness claims and is granted on Plaintiff's maintenance and cure claim for the following reasons.

I.  Background

Beginning in October 2004 plaintiff Howard Sanders worked for Diamond as a roustabout aboard its semi-submersible drilling rig, the OCEAN AMERICA. On or about April 29, 2005 Sanders was assigned to work for the crane crew in the pipe rack area, moving pipe from the drill floor to the pipe rack. Sanders worked wrapping slings from the crane onto nine

---

[1] Elizabeth A. Chickering, a third year law student at Tulane Law School, assisted in the research and preparation of this decision.

1

joints of pipe, and then after the crane moved the pipe to the deck, using a pry bar to remove the slings so the pipes would lie flat. The next morning Sanders awoke with neck pains. He reported his injury to his supervisor several days later and was subsequently treated for neck injury.

  II. Standard of Review

Summary judgment is only proper when the record indicates that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed. 202 (1986). When considering a motion for summary judgment, this Court will review the facts, drawing all inferences most favorable to the party opposing the motion. *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Once the moving party has met its initial burden, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial. *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on unsubstantiated assertions and conclusory allegations. *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 871-73, 110 S.Ct. 3177, 3177-81, 111 L.Ed.2d 695 (1990); *Donaghey v.*

*Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

  III.  Analysis

    A. Jones Act Negligence and General Maritime Unseaworthiness

  In the case at bar, Sanders alleges he was injured as a result of his employer's negligence and/or the unseaworthiness of the vessel OCEAN AMERICA. It is not disputed that Sanders is a Jones Act seaman and the OCEAN AMERICA is a covered vessel. Under the Jones Act, 46 U.S.C. § 688, a seaman's employer is liable for damages if the employer's negligence caused the seaman's injury. *Gautreaux v. Scurlock Marine*, 107 F.3d 331, 335 (5th Cir. 1997). The Jones Act is liberally construed in favor of seamen, but it is not a worker's compensation statute. *Lamon v. Standard Oil Co.*, 117 F.Supp. 831, 834 (E.D.La. 1954). To establish liability, the seaman must show that his injury was caused, in whole or in part, by the employer's negligence. *Hasty v. Trans Atlas Boats, Inc.*, 389 F.3d 510, 512 (5th Cir. 2004) (citing *Gautreaux*, 107 F.3d at 338-39).

  General maritime law places upon a vessel owner a non-delegable duty to provide a seaman with a vessel reasonably fit for its intended use. *See Marceaux v. Conoco, Inc.*, 124 F.3d 730, 734 (5th Cir. 1997); This duty can be breached and a vessel rendered unseaworthy by an inadequate, understaffed or ill-trained crew. *Orient Mid-East Lines, Inv. v. A Shipment of Rice Onboard the S.S. Orient Transporter,* 496 F.2d 1032, 1040 (5th Cir. 1974); *Waldron v. Moore-McCormick Lines, Inc.*, 386 U.S. 724, 724, 87 S.Ct. 1410, 1410, 18 L.Ed.2d 482 (1967). However, generally whether an employer supplied a sufficient crew to accomplish a task is a question of fact for a jury. *See Little v. Green*, 428 F.2d 1061, 1066 (5th Cir. 1970).

The burden on the plaintiff to prove causation in both Jones Act and general maritime causes of action is very light.  *See Landry v. Two R. Drilling Co.*, 511 F.2d 138, 142 (5th Cir. 1975).  The test on the issue of causation is whether the evidence shows that employer negligence played any part, even the slightest, in producing the injury for which damages are sought.  *See Ribitzki v. Canmar Reading & Bates, Ltd. Partnership*, 111 F.3d 658, 664 (9th Cir. 1997).  This test, often described as a featherweight causation standard, allows a seaman to survive summary judgment by presenting even the slightest proof of causation.  *See id.*

Diamond argues that because Sanders cannot point to any specific act or incident which caused his neck pain, he cannot prove that the injury occurred during the pipe move.  Diamond points out that because Sanders admitted to working on jobs other than the pipe move on the day in question and because he initially told his supervisor that he may have slept wrong on his neck, that he will therefore be unable to prove that he was injured while working with the crane crew.  Diamond also argues that even if Sanders could prove that he injured his neck while working on the pipe rack, this injury was merely a result of overexertion, which is not compensable under the Jones Act.

Sanders asserts that he injured his neck while working with the crane crew because he was forced to perform a two-man job by himself.  Sanders argues this understaffing rendered the vessel unseaworthy and his employer Diamond liable for his injuries.  As support, Sanders points to the testimony of the crane operator on duty the day of Sander's alleged injury, Shannon Fontenot, who testified in his deposition that the crew usually had two roustabouts perform the job Sanders performed that day because the job was too much for one.  *See Fontenot Depo.,* pg. 13 ln. 18-19.  Sanders's treating physician, Dr. Jones, also testified that Sanders's injury was

more likely than not caused by his overwork.  *See Jones Depo.*

Diamond correctly asserts that mere claims of overexertion, or claims for injuries from "too much - not too dangerous - work," are not compensable under the Jones Act or general maritime law.  *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 558, 114 S.Ct. 2396, 2412, 129 L.Ed.2d 427 (1994).[2]  However, Sanders alleges that lack of assistance - not an overload of work - caused his injury, and, as stated above, an understaffed crew is a cause of unseaworthiness.  *See Marceaux,* 124 F.3d at 734.  It is debatable what Mr. Fontenot meant when he stated the job was too much for one person, whether it was too physically taxing or whether it just took too long, and there is conflicting evidence on whether Sanders really was working alone the whole day.  However, it is not the court's job to interpret the meaning of a witness's words or decide which witness is telling the truth on a motion for summary judgment. The court must draw all inferences in favor of the non-moving party.  For these reasons the Court denies Defendant Diamond's motion for summary judgment on Plaintiff's claims of Jones

---

[2]It is unlikely the test in *Gottshall* applies to Plaintiff's claims.  In *Gottshall* the Supreme Court held that claims for physical injury arising from emotional distress were cognizable under FELA, but that recovery was limited to those persons who were within the zone of danger, i.e. actually sustained a physical impact or were placed in immediate risk of physical impact as a result of the defendant's negligence.  *See Gottshall*, 512 U.S. at 534.  Both *Gottshall* and *Carlisle*, the accompanying case, involved claims for physical injury caused by emotional distress.  Here, Plaintiff claims he was physically injured because there were not enough crew members assigned to work in the pipe rack area.  Defendant cites *Szymanski v. Columbia Transp. Co.*, 1995 WL 329407 (N.D. Ohio 1995), for the proposition that *Carlisle* applies to any claim for physical illness due to overwork; however, a brief overview of Fifth Circuit jurisprudence shows that *Gottshall* has most often been applied when addressing claims for physical injury specifically caused by emotional distress.  *See, e.g. Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 478 (5th Cir. 2001); *Complaint of Clearsky Shipping Corp.*, 1998 WL 560347 at  (E.D.La. 1998).  However, because the Court finds sufficient evidence on other grounds to deny Defendants' motion for summary judgment on Plaintiff's claims under the Jones Act, whether or not the *Gottshall* test applies to Plaintiff's claim is not determined at this time.

5

Act negligence and general maritime unseaworthiness because a reasonable jury could find that there should have been two men performing the pipe rack job, and that this inadequate crew was the cause of Sanders's neck injury.

### B.  Maintenance and Cure

Diamond argues that Sanders is not entitled to any further maintenance and cure because he has reached maximum medical cure.  A vessel owner is obligated to pay maintenance and cure when a seaman is injured or falls ill during his employment on the vessel.  *Silmon v. Can Do II, Inc.*, 89 F.3d 240, 242 (5th Cir. 1996) (citing *Aguilar v. Standard Oil Co.*, 318 U.S. 724, 63 S.Ct. 930 (1943)).  The maintenance and cure duty terminates when the seaman has reached maximum medical cure, or "where it is probable that further treatment will result in no betterment in the claimant's condition."  *Boudreaux v. U.S.*, 280 F.3d 461, 468 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 95 F.3d 124, 128 (5th Cir. 1996)).

It is undisputed that Sanders's treating physician determined that Sanders had reached maximum medical improvement on December 21, 2005.  It is also undisputed that Diamond continued to pay Sanders's maintenance payments until mid-February 2006.  Diamond argues that because they continued to pay Sanders for maintenance and cure until well after he was declared to have reached maximum medical cure, he is not entitled to any further payments.  Sanders does not address Diamond's arguments against his right to further payments, thus the Court grants Diamond's motion for summary judgment on Sanders's claim for maintenance and cure.

Accordingly,

IT IS ORDERED that Defendants' motion for summary judgment on Plaintiff's claims

for Jones Act negligence, general maritime unseaworthiness and maintenance and cure is DENIED in regards to the claims for negligence and unseaworthiness, and is GRANTED in regards to the claim for maintenance and cure.

    New Orleans, Louisiana, this 22nd day of September, 2006.

                                            HELEN G. BERRIGAN
                                            UNITED STATES DISTRICT JUDGE